IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MOON MINING COMPANY, an Idaho Idaho Partnership; E.D. MOON and MARILYN MOON, Husband and Wife and General Partners; and DARR MOON, Individually and as General Partner,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>HECLA MINING COMPANY, a Delaware Corporation; SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, ex rel., BUREAU OF LAND MANAGEMENT; and UNITED STATES DEPARTMENT OF AGRICULTURE; ex rel., UNITED STATES FOREST SERVICE,<br><br>　　　　　Defendants. | Case No. CV-93-297-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it an appeal from the Interior Board of Land Appeals (IBLA). The Court heard oral argument on February 3, 2006, and the appeal is now at issue. The Court will affirm the decision of the IBLA for the reasons expressed below.

# STANDARD OF REVIEW

Memorandum Decision and Order -- Page 1

In reviewing decisions of the IBLA, this Court "exercises a limited standard of review," *Akootchook v. United States*, 271 F.3d 1160, 1164 (9th Cir. 2001), and will reverse only if the decision is arbitrary, capricious, not supported by substantial evidence, or contrary to law. *See* 5 U.S.C. § 706(2)(A).

While the Court is to "carefully search the entire record" to determine if substantial evidence exists, *Akootchook*, 271 F.3d at 1164, the Court must "defer to the agency's expertise" in determining claim validity. *Lara v. Secretary of the Interior*, 820 F.2d 1535, 1542 (9th Cir. 1987)(deferring to IBLA's expertise on claim validity). The IBLA represents an agency with ""special expertise in the determination of the validity of mining claims." *Ideal Basic Industries, Inc. v. Morton*, 542 F.2d 1364, 1370 (9th Cir. 1987).

Using this standard of review, the Court will turn to an analysis of Moon Mining's challenge to the IBLA decision. Because the parties are well-aware of the facts and the litigation history, the Court will not review them here.

## ANALYSIS

Moon Mining's first challenge to the IBLA decision is that it failed to recognize that the ALJ improperly placed the burden of proof on Moon Mining. The Court disagrees. Both the ALJ and the IBLA made express findings that Hecla carried its burden of proof. *See Moon Mining Company v. Hecla Mining*

*Company,* 161 IBLA 334, 349 (2004); *Hecla Mining Company v. Moon Mining Company*, IDI-32403 (November 15, 1999) at p. 29.

Moon Mining claims next that the ALJ and IBLA applied the wrong standard for discovery by requiring that the mine be profitable.  Again, the Court disagrees.  The IBLA properly set out the applicable "prudent man" standard and stated that "[a]lthough [Moon Mining] need not prove the gold can presently be . . . marketed at a profit, evidence of the costs and profits of mining the claim may be properly considered in determining whether a person of ordinary prudence would be justified in the further investment of his labor and capital."  *See Moon Mining,* 161 IBLA at 362.  That is a correct statement of the governing standard.  *Lara*, 820 F.2d at 1541.

After accurately identifying the standards of review, the ALJ and IBLA both found that the evidence did not show "a deposit of minerals of such quality and in such quantity" to constitute a mineable deposit.  *Moon Mining*, 161 IBLA at 361-62.  This finding, Moon Mining argues, is directly contradicted by 1992 drilling samples that show sufficient mineralization.

Both the IBLA and the ALJ found significant problems with Moon Mining's total reliance on the 1992 drill samples.  First, more extensive drill samples taken in 1983 do not support Moon Mining's mineralization claims.  Second, expert

**Memorandum Decision and Order -- Page 3**

James Hodos, the most experienced of those testifying about drill samples, was critical of the 1992 drill samples. He testified that the drilling technique for those samples could inadvertently "salt" the sample with gold, artificially increasing the mineralization results.

Hodos did use the 1992 sample results after correcting for inaccuracies, and so they were not totally ignored. His ultimate conclusion was that the results of the 1983 and 1992 drilling showed that the grade of gold on the claims is extremely discontinuous and inconsistent. This testimony substantially rebutted Moon Mining's attempt to use the 1992 samples to raise an inference of mineralization. As the IBLA noted, such an inference – known as a geologic inference – is only appropriate where values are high and relatively consistent. *Id*. at 361. Hodo's testimony rejected any inference of mineralization.

While Moon Mining's expert took issue with this testimony, it remains persuasive. The IBLA's decision on the mineralization issue is squarely within its area of expertise, and is therefore entitled to deference. The Court finds that substantial evidence supports the IBLA's decision concerning insufficient mineralization.

Moon Mining also takes issue with the decision of the ALJ and the IBLA that environmental concerns would prevent Moon Mining from obtaining the

**Memorandum Decision and Order -- Page 4**

proper permits authorizing the mine.  However, both the ALJ and the IBLA held that even if permits could be obtained, the costs of complying with environmental restrictions, in combination with the insufficient mineralization discussed above and other costs, made mining prohibitively expensive.

To reach their finding on environmental costs, assuming permits were granted, both the ALJ and the IBLA found persuasive the testimony of Robert Jacobson.  He was a retired Assistant Regional Director the Fish and Wildlife Service with expertise in the conditions and requirements agencies would attach to any permit issued to Moon Mining.  The right of a federal agency to attach such conditions and requirements to permits is well-established.  *See* 36 C.F.R. § 228.8 (1992).

Jacobson testified that federal agencies would require Moon Mining to conduct both on-site and off-site mitigation, and that the costs would be about $300,000 per acre, not including the cost of land acquisition for off-site mitigation.  There is substantial evidence to support Jacobson's testimony.  The stretch of Jordan Creek that Moon Mining proposed to excavate was quite environmentally sensitive.  It contains several acres of wetlands, and provides habitat for Chinook salmon and bull trout.  Both species of fish were being considered for listing under the Endangered Species Act (ESA) as of February of 1992, the date for application

**Memorandum Decision and Order -- Page 5**

of the "prudent man" standard. Moreover, Jordan Creek is a tributary to the Yankee Fork, which provides habitat for the Snake River sockeye salmon, which had been listed as endangered under the ESA by 1992.

Given these facts, Jacobson's testimony that federal agencies would attach expensive conditions to any permit makes sense. The testimony of Moon Mining's expert that off-site mitigation would not be required finds scant support in the evidence, given that Moon Mining was proposing to excavate 2 miles of soon-to-be designated critical habitat for ESA-listed fish species.

The ALJ and IBLA also found relevant the expensive restoration project undertaken by Hecla on its Grouse Creek project. Hecla was required to provide mitigation at a ratio of approximately 3 acres of mitigation to 1 acre of lost wetlands. This was the same ratio applied by the ALJ and IBLA. *See Moon Mining*, 161 IBLA at 337-38.

Moon Mining makes other claims that the Court has considered and finds unpersuasive. There is substantial evidence to support the IBLA's decision, especially given the deference that this Court must apply to the rulings within the area of its expertise. The decision of the IBLA shall therefore be affirmed.

The Court will direct counsel to file a Status Report within ten days identifying any remaining issues in this case. If there are none, the Court will issue

**Memorandum Decision and Order -- Page 6**

a Judgment closing the case.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the decision of the Interior Board of Land Appeals in *Moon Mining Co. v. Hecla Mining Co.,* 161 IBLA 334 (June 2, 2004) is AFFIRMED.

IT IS FURTHER ORDERED, that counsel file with the Court a Status Report identifying any remaining issues within ten (10) days from the date of this decision. If there are none, the Court shall enter a final Judgment closing the case.



DATED: **February 6, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order -- Page 7**